### RIDENOUR v HAYNES et

Ohio Appeals, 2nd Dist, Franklin Co

No. 1886.   Decided Jan 2, 1931

T. H. Clark, Columbus, for Ridenour.
C. S. Druggan, Columbus, for Haynes et.

KUNKLE, J.

From such judgment error is prosecuted to this court.

We have read the record in this case with care and have also thoroughly considered the unusually helpful and exhaustive briefs which have been filed by counsel.

The contract entered into between plaintiff and the said Sherman and Haynes in April of 1927 and the subsequent contract between said parties together with the terms and provisions of the surety bond in question are set forth in detail in the pleadings and record and we shall not attempt to quote therefrom at length.

We will merely announce the conclusion at which we have arrived after a careful consideration of the briefs of counsel and the record.

The Surety Company insists that its motion for a directed verdict should have been sustained upon three grounds, namely:

First, that the record disclosed no liability under the bond;

Second, that the Surety Company could not be held because the record disclosed the failure to comply with the terms of the bond in that notice of the claimed misappropriation of the funds was not given to the Surety Company as required by the bond;

Third, that there was a novation of the contract which would relieve the Surety Company.

If either or all of these grounds are well taken then the court correctly directed the verdict.

Considering these grounds in the reverse order from that above stated, namely, that there was a novation of the contract which would relieve the Surety Company, we find from the record that on November 30th, 1927, another contract was entered into between the said Ridenour on the one hand and the said Sherman and Haynes on the other. This contract is in evidence. It thus appears that the same parties to the contract of April, 1927, under which the bond in question was given, entered into a new contract covering the same subject matter; that as early as July of 1927 plaintiff in error knew that deposits were not being made in the Huntington National Bank; that on October 10th he was furnished a statement in writing showing the quantities of lumber shipped and money received; that with knowledge of this claimed breach of contract by Haynes and Sherman, and after having such information the parties entered into a new contract involving the subject matter out of which the surety's liability grew; that after that new contract was entered into the plaintiff in error, as trustee under such contract, entered upon the said timber and has marketed a portion thereof. Without quoting in detail from this new contract and the undisputed evidence relating to the conduct of the parties in reference thereto we can not escape the conclusion but that this new contract constituted a novation and relieved the surety of its obligation under the old contract.

In reference to the claim of defendant in error that it can not be held upon the bond because of the failure to comply with the terms of the bond and to give the notice required of claimed misappropriation of funds, we find among other provisions in the said bond the following:

"Upon the discovery by the employer of any loss the employer shall promptly deliver notice thereof to the Surety Company at its home office at Hartford, Connecticut."

We think the record clearly discloses that the only notice which was given to the Surety Company at its home office in Hartford, Connecticut, consists of the letter of Mr. Clark of date December 6, 1927.

As previously stated there is testimony showing that in July the plaintiff in error knew that no money was being deposited in the bank as provided in the contract; that on October 10, 1927 a statement was submitted to plaintiff in error entitled "Lumber shipped and net amount received"; so that plaintiff in error knew, not only that the money was not being deposited in the bank but also knew that a large quantity of lumber had been sold.

It is claimed that in July and also on October 10th, plaintiff in error advised Mr. Ensminger, the local agent of the Surety Company of the situation, but there is nothing in the record tending to show that Mr. Ensminger communicated with the Surety Company in reference to these visits. On the contrary, the inference would clearly be that he did not and that plaintiff in error knew that he would not for the reason that he stated he would thereby lose

his job. This may be accepted as one of the reasons for the company insisting upon the provision of the bond that notice be given direct to its home office in Hartford, Connecticut. However that may be and whatever the purpose for the insertion of this provision may have been it is one of the essential requirements of the bond which a court is not at liberty to waive. In other words, the liability of the Surety Company must be determined solely from the bond which it executed and which the parties accepted. This provision was to the effect that notice should be given promptly of any default. We cannot escape the conclusion but that the failure to notify the company at its home office until December 6th when the plaintiff in error had knowledge of the status of its account with Mr. Haynes on October 10th and had knowledge as early as July that the money was not being deposited as provided by the contract, as a matter of law, avoided the bond.

The failure to give notice for substantially sixty days, after being in possession of the information can not, as a matter of law, be considered as the giving of notice promptly.

If our conclusions upon either or both of the above propositions is correct, then it becomes unimportant to consider the first proposition urged by counsel for defendant in error.

Entertaining the view that we do, we think the trial court was warranted in directing a verdict for defendant in error and the judgment of the lower court will be affirmed.

ALLREAD and HORNBECK, JJ, concur.